IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROBERT BOSCH HEALTHCARE SYSTEMS, INC., <br><br> Plaintiff <br><br> v. <br><br> CARDIOCOM, LLC, and ABBOTT DIABETES CARE, INC., <br><br> Defendants. | CIVIL ACTION NO. 2:13-cv-349 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Robert Bosch Healthcare Systems, Inc. ("Bosch"), by and through its undersigned counsel, hereby alleges as follows:

**PARTIES**

1. Plaintiff Bosch is a Michigan corporation with its principal place of business at 2400 Geng Road, Suite 200, Palo Alto, California 94303.

2. Defendant Cardiocom, LLC ("Cardiocom") is a Minnesota corporation with its principal place of business at 7980 Century Boulevard, Chanhassen, Minnesota 55317.

3. Defendant Abbott Diabetes Care, Inc. ("Abbott") is a Delaware corporation with its principal place of business at 1360 South Loop Road, Alameda, California 94502.

4. Abbott has been joined as a defendant in this action pursuant to Rule 19 of the Federal Rules of Civil Procedure because, after being invited to join voluntarily as co-plaintiff in prosecuting this action, Abbott has declined to do so. As an exclusive field of use licensee to Bosch's patents being asserted herein, Abbott is jointly interested with Bosch in the relief sought and should be realigned by this Court as a plaintiff pursuant to *Independent Wireless Telegraph*

*Co. v. Radio Corp. of America*, 269 U.S. 459, 468 (1926).  In the alternative, if Abbott is not subject to service of process in this District, Abbott should be joined by the Court as an involuntary plaintiff pursuant to Rule 19(a)(2).  Joinder will not divest the Court of subject matter jurisdiction.

## JURISDICTION AND VENUE

5. This is an action arising under the patent laws of the United States, Title 35 of the United States Code.  This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## BOSCH'S PATENTS

6. On April 7, 2009, the United States Patent Office ("PTO") duly and lawfully issued U.S. Patent No. 7,516,192 ("the '192 Patent"), entitled "Networked System for Interactive Communication and Remote Monitoring of Individuals."  A true and correct copy of the '192 Patent is attached hereto as Exhibit A.

7. On September 8, 2009, the United States Patent Office ("PTO") duly and lawfully issued U.S. Patent No. 7,587,469 ("the '469 Patent"), entitled "Audio Instructions for Appliances."  A true and correct copy of the '469 Patent is attached hereto as Exhibit B.

8. On August 8, 2010, the United States Patent Office ("PTO") duly and lawfully issued U.S. Patent No. 7,769,605 ("the '605 Patent"), entitled "Multiple Patient Monitoring System for Proactive Health Management."  A true and correct copy of the '605 Patent is attached hereto as Exhibit C.

9. On November 23, 2010, the United States Patent Office ("PTO") duly and lawfully issued U.S. Patent No. 7,840,420 ("the '420 Patent"), entitled "Multiple Patient

Monitoring System for Proactive Health Management." A true and correct copy of the '420 Patent is attached hereto as Exhibit D.

10. On January 11, 2011, the United States Patent Office ("PTO") duly and lawfully issued U.S. Patent No. 7,870,249 ("the '249 Patent"), entitled "Networked System for Interactive Communication and Remote Monitoring of Individuals." A true and correct copy of the '249 Patent is attached hereto as Exhibit E.

11. On April 5, 2011, the PTO duly and lawfully issued U.S. Patent No. 7,921,186 ("the '186 Patent"), entitled "Networked System for Interactive Communication and Remote Monitoring of Individuals." A true and correct copy of the '186 Patent is attached hereto as Exhibit F.

12. Bosch is the owner by assignment of the '192, '469, '605, '420, '249, and '186 Patents ("the Patents-in-Suit").

## BOSCH'S TECHNOLOGY

13. The Patents-in-Suit relate to the field of remote health monitoring, which was pioneered by Health Hero Network, now part of Bosch. Remote health monitoring helps patients with chronic conditions achieve better of quality of life and enables health care providers to manage larger numbers of patients.

14. Remote health monitoring is a completely different approach from traditional patient care. Accordingly, Health Hero Network initially met with great resistance and skepticism in the health care industry. Over time, Health Hero Network, and later Bosch, has achieved greater acceptance for its remote health monitoring technology through extensive efforts and by demonstrating benefits such as a 50% reduction in hospital admissions.

15. Bosch continues to develop and sell remote health monitoring solutions, including

the Health Buddy System originally developed by Health Hero Network.

16. Cardiocom and others have piggybacked on Health Hero Network's positive results and studies and have entered the market with competing and infringing products only after the remote health monitoring approach had a proven track record.

**CARDIOCOM'S INFRINGING DEVICES**

17. On information and belief, Cardiocom makes, sells, offers for sale, and/or uses in the United States a remote health monitoring system, the Cardiocom Telehealth system, which includes, but is not limited to, the Commander Flex Device, the Commander Device, the Telescale Device, the LinkView Device, the Attentiv Device, the NetResponse product, the TeleResponse product, and the Omnivisor Management System, and which can perform at least the following functions:

   a. collect patient physiological data using wired and wireless peripherals, such as weight scales, blood pressure monitors, glucose meters, pulse oximeters, and peak flow meters;

   b. communicate with web based system via cellular transmission, phone line, or the Internet;

   c. provide health messaging, education, and surveys through remote devices, such as the Commander Flex, Commander, or Telescale devices, to the patient;

   d. query the patient in a variety of formats including multiple choice, true-false, Likert scale, and alphanumeric to assist the care provider in evaluating the patient's condition;

   e. allow the care provider to remotely customize the session questions and

messages, target and alert levels, and other key communication parameters, provided to the patient by the remote device, including use of branching logic;

f.  provide medication reminders to patients and permit care providers to remotely customize such medication reminders;

g.  provide to the patient two-way personalized messaging that enables healthcare providers to instantly send unique, customized communications to individual patients or select groups;

h.  interact with patients through both audible voice and written prompts;

i.  receive audible patient responses through the use of voice recognition;

j.  display population reports to care providers and prioritize patients needing intervention;

k.  allow care providers to manage their patients' care plans in real time.

18.  The Cardiocom Telehealth system meets all of the limitations of one or more of the claims of the Patents-in-Suit, thereby infringing the Patents-in-Suit.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,516,192

19.  Bosch reasserts and incorporates herein by reference the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

20.  Cardiocom has infringed and continues to infringe one or more claims of the '192 Patent, either literally or under the doctrine of equivalents, by making, selling, offering to sell, and/or operating its remote health monitoring system in the United States.

21.  By making, selling, offering to sell, and/or operating its remote health monitoring

system in the United States, Cardiocom has also induced infringement under 35 U.S.C. § 271(b) and has contributed to infringement of the '192 Patent under 35 U.S.C. § 271(b) by others. Cardiocom has known about the '192 Patent and that its remote health monitoring system infringes the '192 Patent since at least as of the filing of this action. Users making routine use of Cardiocom's remote health monitoring system infringe the '192 Patent. Further, Cardiocom knowingly induces users of its remote health monitoring system to infringe the '192 Patent by instructing its customers to use the remote health monitoring system in an infringing manner. Cardiocom contributes to the infringement of the '192 Patent because Cardiocom knows that the remote health monitoring system is designed for use in a manner infringing the '192 Patent and is not a staple article of commerce suitable for substantial non-infringing use.

22. Cardiocom has and will continue to infringe, induce others including its customers to infringe, and contribute to the infringement of the '192 Patent unless enjoined by the Court.

23. On information and belief, Cardiocom had knowledge of the '192 Patent and willfully infringed it, as term is defined in 35 U.S.C. § 284.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,587,469

24. Bosch reasserts and incorporates herein by reference the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

25. Cardiocom has infringed and continues to infringe one or more claims of the '469 Patent, either literally or under the doctrine of equivalents, by making, selling, offering to sell, and/or operating its remote health monitoring system in the United States.

26. By making, selling, offering to sell, and/or operating its remote health monitoring

system in the United States, Cardiocom has also induced infringement under 35 U.S.C. § 271(b) and has contributed to infringement of the '469 Patent under 35 U.S.C. § 271(b) by others. Cardiocom has known about the '469 Patent and that its remote health monitoring system infringes the '469 Patent since at least as of the filing of this action.  Users making routine use of Cardiocom's remote health monitoring system infringe the '469 Patent.  Further, Cardiocom knowingly induces users of its remote health monitoring system to infringe the '469 Patent by instructing its customers to use the remote health monitoring system in an infringing manner. Cardiocom contributes to the infringement of the '469 Patent because Cardiocom knows that the remote health monitoring system is designed for use in a manner infringing the '469 Patent and is not a staple article of commerce suitable for substantial non-infringing use.

27. Cardiocom has and will continue to infringe, induce others including its customers to infringe, and contribute to the infringement of the '469 Patent unless enjoined by the Court.

28. On information and belief, Cardiocom had knowledge of the '469 Patent and willfully infringed it, as term is defined in 35 U.S.C. § 284.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,769,605

29. Bosch reasserts and incorporates herein by reference the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

30. Cardiocom has infringed and continues to infringe one or more claims of the '605 Patent, either literally or under the doctrine of equivalents, by making, selling, offering to sell, and/or operating its remote health monitoring system in the United States.

31. By making, selling, offering to sell, and/or operating its remote health monitoring

system in the United States, Cardiocom has also induced infringement under 35 U.S.C. § 271(b) and has contributed to infringement of the '605 Patent under 35 U.S.C. § 271(b) by others. Cardiocom has known about the '605 Patent and that its remote health monitoring system infringes the '605 Patent since at least as of the filing of this action. Users making routine use of Cardiocom's remote health monitoring system infringe the '605 Patent. Further, Cardiocom knowingly induces users of its remote health monitoring system to infringe the '605 Patent by instructing its customers to use the remote health monitoring system in an infringing manner. Cardiocom contributes to the infringement of the '605 Patent because Cardiocom knows that the remote health monitoring system is designed for use in a manner infringing the '605 Patent and is not a staple article of commerce suitable for substantial non-infringing use.

32. Cardiocom has and will continue to infringe, induce others including its customers to infringe, and contribute to the infringement of the '605 Patent unless enjoined by the Court.

33. On information and belief, Cardiocom had knowledge of the '605 Patent and willfully infringed it, as term is defined in 35 U.S.C. § 284.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,840,420

34. Bosch reasserts and incorporates herein by reference the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

35. Cardiocom has infringed and continues to infringe one or more claims of the '420 Patent, either literally or under the doctrine of equivalents, by making, selling, offering to sell, and/or operating its remote health monitoring system in the United States.

36. By making, selling, offering to sell, and/or operating its remote health monitoring

system in the United States, Cardiocom has also induced infringement under 35 U.S.C. § 271(b) and has contributed to infringement of the '420 Patent under 35 U.S.C. § 271(b) by others. Cardiocom has known about the '420 Patent and that its remote health monitoring system infringes the '420 Patent since at least as of the filing of this action.  Users making routine use of Cardiocom's remote health monitoring system infringe the '420 Patent.  Further, Cardiocom knowingly induces users of its remote health monitoring system to infringe the '420 Patent by instructing its customers to use the remote health monitoring system in an infringing manner. Cardiocom contributes to the infringement of the '420 Patent because Cardiocom knows that the remote health monitoring system is designed for use in a manner infringing the '420 Patent and is not a staple article of commerce suitable for substantial non-infringing use.

37. Cardiocom has and will continue to infringe, induce others including its customers to infringe, and contribute to the infringement of the '420 Patent unless enjoined by the Court.

38. On information and belief, Cardiocom had knowledge of the '420 Patent and willfully infringed it, as term is defined in 35 U.S.C. § 284.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 7,870,249

39. Bosch reasserts and incorporates herein by reference the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

40. Cardiocom has infringed and continues to infringe one or more claims of the '249 Patent, either literally or under the doctrine of equivalents, by making, selling, offering to sell, and/or operating its remote health monitoring system in the United States.

41. By making, selling, offering to sell, and/or operating its remote health monitoring

system in the United States, Cardiocom has also induced infringement under 35 U.S.C. § 271(b) and has contributed to infringement of the '249 Patent under 35 U.S.C. § 271(b) by others. Cardiocom has known about the '249 Patent and that its remote health monitoring system infringes the '249 Patent since at least as of the filing of this action.  Users making routine use of Cardiocom's remote health monitoring system infringe the '249 Patent.  Further, Cardiocom knowingly induces users of its remote health monitoring system to infringe the '249 Patent by instructing its customers to use the remote health monitoring system in an infringing manner. Cardiocom contributes to the infringement of the '249 Patent because Cardiocom knows that the remote health monitoring system is designed for use in a manner infringing the '249 Patent and is not a staple article of commerce suitable for substantial non-infringing use.

42. Cardiocom has and will continue to infringe, induce others including its customers to infringe, and contribute to the infringement of the '249 Patent unless enjoined by the Court.

43. On information and belief, Cardiocom had knowledge of the '249 Patent and willfully infringed it, as term is defined in 35 U.S.C. § 284.

## COUNT VI

### INFRINGEMENT OF U.S. PATENT NO. 7,921,186

44. Bosch reasserts and incorporates herein by reference the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

45. Cardiocom has infringed and continues to infringe one or more claims of the '186 Patent, either literally or under the doctrine of equivalents, by making, selling, offering to sell, and/or operating its remote health monitoring system in the United States.

46. By making, selling, offering to sell, and/or operating its remote health monitoring

system in the United States, Cardiocom has also induced infringement under 35 U.S.C. § 271(b) and has contributed to infringement of the '186 Patent under 35 U.S.C. § 271(b) by others. Cardiocom has known about the '186 Patent and that its remote health monitoring system infringes the '186 Patent since at least as of the filing of this action. Users making routine use of Cardiocom's remote health monitoring system infringe the '186 Patent. Further, Cardiocom knowingly induces users of its remote health monitoring system to infringe the '186 Patent by instructing its customers to use the remote health monitoring system in an infringing manner. Cardiocom contributes to the infringement of the '186 Patent because Cardiocom knows that the remote health monitoring system is designed for use in a manner infringing the '186 Patent and is not a staple article of commerce suitable for substantial non-infringing use.

47. Cardiocom has and will continue to infringe, induce others including its customers to infringe, and contribute to the infringement of the '186 Patent unless enjoined by the Court.

48. On information and belief, Cardiocom had knowledge of the '186 Patent and willfully infringed it, as term is defined in 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Bosch prays that the Court order the following relief:

A. Judgment that Cardiocom infringes the Patents-in-Suit;

B. A permanent injunction enjoining Cardiocom from making, using, selling, offering to sell, or operating its infringing systems in the United States;

C. Money damages sustained as a result of Cardiocom's infringing activities;

D. That any such money damages be trebled as a result of the willful nature of Cardiocom's infringement pursuant to 35 U.S.C. § 284;

    E.      Pre- and post-judgment interest as provided by law;

    F.      Costs and reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

    G.      Such other relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Bosch hereby demands a trial by jury on all issues triable to a jury.

Dated: April 26, 2013

Respectfully submitted,

By: */s/ Trey Yarbrough*
Trey Yarbrough
Bar No. 22133500
Debby E. Gunter
Bar No. 24012752
YARBROUGH WILCOX GUNTER, PLLC
100 E. Ferguson, Suite 1015
Tyler, Texas 75702
Phone: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com

ORRICK, HERRINGTON & SUTCLIFFE LLP

Chris R. Ottenweller, Bar No. 73649
cottenweller@orrick.com
Annette L. Hurst, Bar No. 148738
ahurst@orrick.com
Bas de Blank, Bar No. 191487
Basdeblank@orrick.com

1000 Marsh Road
Menlo Park, California 94025
Telephone:   +1-650-614-7400
Facsimile:   +1-650-614-7401

Attorneys for Plaintiff, Robert Bosch Healthcare Systems, Inc.